IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JUSTIN DEMOND DOTSON, # 864506**                                            **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:12cv307-TSL-JMR**

**KENYETTA McBRIDE; LEWIS MOORE;**
**and UNKNOWN DEPUTY**                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter comes before this Court on the Motion to Dismiss [35] for Failure to Prosecute filed in this case by the Defendant, Keynetta McBride and joinder [36] in the motion by the Defendant Lewis Moore. Justin Demond Dotson [Dotson], filed his complaint on May 3, 2012, pursuant to 42 U.S.C. § 1983, asserting various claims relating to an incident which allegedly occurred on December 29, 2010, during his period of incarceration at the Hinds County Detention Facility. On May 3, 2012, this Court entered an Order, advising Dotson that he was responsible for keeping the Court apprised of his current address, and that failure to do so may result in his case being dismissed without prejudice. [3.] An Order [33] reassigning this case was sent to Dotson at his last known address on February 1, 2013. That Order was returned as undeliverable on February 14, 2013. [34.] In addition, in attempting to set an Omnibus hearing in this case, the Court was informed that Dotson was no longer incarcerated at his last known address. Dotson has not apprised the Court of his current location, and no further activity initiated by Dotson has transpired in this case.

Guided by the interests of justice, the Court reminds Dotson that under FED.R.CIV.P. 41(b): "If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Martinez v.*

*Johnson*, 104 F.3d 769, 771 (5th Cir. 1997). The Court must be able to clear its calendars of cases that remain dormant because of the inaction of the parties seeking relief, to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.

A plaintiff, incarcerated or not, has an obligation to inform the court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." Uniform Local Rule 11(a); *see also Wade v. Farmers Ins. Group,* 2002 WL 1868133 *1 & n.12 (5th Cir. 2002). Considering the aforementioned circumstances, the Court recommends that the Defendant's Motion to Dismiss [35] should be granted and this cause be dismissed pursuant to FED.R.CIV.P. 41(b), without prejudice.

## CONCLUSION

The Court recommends that the Defendant's Motion to Dismiss [35] should be granted, and that this cause be dismissed pursuant to Fed.R.Civ.P. 41(b), without prejudice. In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 24, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy

of this R&R has been mailed to Dotson by certified mail, return receipt requested, at his last known address.

This the 10th day of July, 2013.

s/John M. Roper  
CHIEF UNITED STATES MAGISTRATE JUDGE